Slater *et al. vs.* Manes.

JAMES M. SLATER *et al.*, plaintiffs in error, *vs.* ELIZABETH
A. MANES, defendant in error.

1. When grounds for new trial are once ruled insufficient by the supreme
   court, that judgment will not be reversed on a subsequent writ of error in
   the same case, sued out on the very same motion for new trial, with a new
   ground added by way of amendment to the original motion.
2. After judgment on writ of error reversing the grant of a new trial, can the
   motion be amended in the court below, even before the *remittitur* is en-
   tered? *Quære!*
3. Newly discovered evidence that most probably might have been discov-
   ered earlier, with reasonable diligence, is not ground for new trial—cer-
   tainly not, if first brought forward after final judgment disposing of the
   whole case on writ of error.

New trial. Practice in the Supreme Court. Practice in the
Superior Court. Before Judge SCHLEY. Bulloch Superior
Court. October Term, 1874.

After the judgment of the supreme court was rendered in
the case of *Manes vs. Slater et al.*, 48 *Georgia Reports*, 589,
but before it was made the judgment of the court below, Sla-
ter *et al.* renewed their motion for a new trial upon the same
grounds that had been passed on by the supreme court, with
the additional ground, added by amendment, of newly dis-
covered evidence. This testimony was to the effect that Sam-
uel Slater had possession of the property in controversy prior
to the execution of the deed conveying the same to Ann Sla-
ter, with remainder to her children by her husband, William
Slater; and that she held the land under such deed at the
time she and her husband conveyed to Elmore Manes.

This ground of the motion was supported by the usual
affidavits. Counsel for plaintiff stated in his affidavit that
neither he nor plaintiffs resided in Bulloch county. James
M. Slater, one of the plaintiffs, also made affidavit to the ef-
fect that the evidence was newly discovered, and that his two
co-plaintiffs are, and were at the time of the trial, non-resi-
dents of Bulloch county.

Beyond the fact of non-residence, no excuse for the failure
to discover the testimony at an earlier date was given.

The motion was overruled, and plaintiffs excepted.

JAMES H. HUNTER; W. C. McCALL, for plaintiffs in error.

RUFUS E. LESTER; A. H. SMITH for defendant.

BLECKLEY, Judge.

1. As to the grounds of new trial pronounced here insufficient on the former writ of error, they are *res adjudicata.* No second trial has been had in the court below, and these grounds come back to us with no new action or new light upon them.

2. It may be questioned whether the motion for new trial was amendable by adding, at that stage, the ground of newly discovered evidence: Code, section 3716. Perhaps it was; but if so, the new hearing ought to have been confined to that ground alone, as if it were a separate extraordinary motion: Section 3721.

3. And that ground we hold insufficient, on the showing contained in the record. The new facts were not of a concealed or obscure nature, and they were discovered so soon after their absence had been remarked by this court that there is a strong probability that full diligence in searching for them would have met an earlier reward. The suit was by members of the Slater family, and the possession said to have been recently discovered was by other members of it. In so far as that possession related to the question of the plaintiffs' title, it should have been inquired into before the suit was brought—certainly before it was tried. But the record discloses no inquiry earlier than the loss of the case on the former writ of error in this court. Diligence was wanting; and diligence was required: 41 *Georgia,* 426.

Judgment affirmed.