ELLA WIMMER AND ANOTHER, RESPONDENTS, v. LOUIS SIMON AND ANOTHER, APPELLANTS.

PLEADING.—COUNTER-CLAIM.—WAIVER OF TORT.—Where a complaint is filed suing for conversion of goods and the breaking up of plaintiff's business and injury to plaintiff's credit, and defendants set up a counter-claim founded on promissory notes, which indebtedness was created by the purchase by defendants from plaintiffs of the goods, whose conversion is sued for, and no objection is made by either party to such issues, and the whole issue is tried before the jury, it is too late to raise the question in the appellate court, that plaintiffs waived the tort by not objecting to the counter-claim.

TORT.—JOINT TORT-FEASOR.—CONFLICTING EVIDENCE.—Where the evidence as to the participation of one defendant in the tort is conflicting, the verdict of the jury will not be disturbed.

NEW TRIAL.—NEWLY DISCOVERED EVIDENCE.—Where the newly discovered evidence urged upon the motion for a new trial, could have no material effect upon the merits of the case, a new trial ought not to be granted on account of it.

APPEAL from a judgment of the district court of the third district, and from an order refusing a new trial, Hon. Charles S. Zane, judge. The opinion states the facts except the following:

The complaint alleged that on October 13, 1890, the plaintiffs as copartners under the name of Wimmer Sisters, owned a stock of millinery goods, worth $1,000; that defendants being at the same time copartners, in the same kind of business, by deceit and fraud through their agent Louis Simon, took possession of said goods and converted them to their own use, to plaintiff's damage in the sum of $1,000; that on account of said conversion plaintiffs were broken up in business and injured in credit to their damage in the sum of $2,000; judgment was asked for $3,000.

The answer of defendants denied that the goods were worth over $388.48; denied that defendants were partners, but alleged that Fred Simon at the time was the sole member of the firm of Simon Brothers. All the other allegations of the complaint were denied. The counterclaim alleged was, that on October ·13, 1890, plaintiffs were heavily indebted to Simon Bros., and being unable to pay said indebtedness or dispose of their goods, urged Simon Bros. to take possession of said goods, to dispose of them, and give plaintiffs credit therefor; that pursuant to such arrangement Simon Bros. took the goods, sold them for $388.48, all that the goods were worth, and gave plaintiffs credit therefor; that after this there was due to Simon Bros. an indebtedness represented by four promissory notes of $100 each, dated September 1, 1890, and due in forty days, three, four and five months, consecutively and respectively, with interest.

The cause was tried before a jury on these issues without objection on either side, and a verdict for $359.58 rendered against both defendants and judgment was entered thereon.

Defendants moved for a new trial on three grounds: 1. Insufficiency of the evidence. 2. Errors of law occurring at the trial. 3. Newly discovered evidence. The statement upon motion for a new trial contained all the evidence, and the errors assigned therein were as follows: 1. Insufficiency of the evidence to justify the verdict in the following particulars: (a) The verdict is against both Louis Simon and Fred Simon, while the evidence is undisputed that Louis Simon had no interest in the business of Simon Bros. until January 1, 1891, long after the alleged unlawful taking. (b) The only trustworthy evidence shows that the goods were worth $388.48; there is no evidence of fraud or wanton conduct on the part of defendants. Defendants had an undisputed claim of $563.71, with interest, and yet a verdict was rendered against them.

2. The court erred in allowing witness Ella Wimmer to testify as to loss of business and loss of prospective business and loss of credit.

3. Newly discovered evidence on the affidavits attached.

As to the second ground for new trial, the abstract showed no objections to evidence.

*Mr. Frank Pierce* and *Messrs. Marshall and Royle,* for the appellants.

1. Plaintiffs waived their tort in failing to object to the counter-claim and treated the action as assumpsit and therefore could recover only the value of the property taken less the counter-claim. The case at bar is an action where the tort could be waived. The complaint alleges that defendants converted and disposed of the property to their own use. All the later cases hold that the owner of property may hold the tort-feasor who violates property rights, as for goods sold and delivered. *Terry* v. *Munger,* 121 N. Y. 161; Pomeroy's Remedies, secs. 567–9; Cooley

on Torts, 95; Greenleaf on Evidence, sec. 108; *Putnam* v. *Wise,* 37 Am. Dec. 309 and note; *Berly* v. *Taylor,* 5 Hill, 577; *Norden* v. *Jones,* 14 Am. Rep. 782; *Cummings* v. *Vorse,* 3 Hill, 283; *Spoor* v. *Newell,* 3 Hill, 307; *Abbott* v. *Blossom,* 66 Barb. 353. The complaint in this case has not all the elements necessary to an action of tort, but has all needed for contract. When the defendants answered their counter-claim the plaintiffs were required to elect whether they would proceed as for a tort or for a contract. Having failed to demur they elected to proceed on contract. The counter-claim not having arisen out of the transaction sued on in the complaint and is not connected with the subject of the action, and hence was not good as answer to an action for tort. This is the only theory that reconciles the pleadings.

2. The judgment being joint and erroneous as to one defendant is erroneous as to all. Black on Judgments, vol. 1, sec. 211; *McDonald* v. *Wilkie,* 54 Am. Dec. 423; Freeman on Judgments, sec. 136; *St. John* v. *Holmes,* 32 Am. Dec. 607, and note; *Gargan* v. *School Dist.,* 4 Col. 53; *Streeter* v. *Marshall,* 4 Col. 535.

*Messrs. Kellogg and Corfman* and *Mr. Charles Baldwin,* for the respondents.

BARTCH, J.:

In this action the plaintiffs seek to recover damages for the wrongful taking and conversion of a certain stock of millinery goods. The jury rendered a verdict in their favor for $359.58, and the defendants appealed from the order denying a new trial, assigning various errors.

It is alleged in the complaint that the defendants converted the goods to their own use to the damage of the plaintiffs in the sum of $1,000, and that because of the conversion, the plaintiffs were broken up in business, and

injured in credit to their further damage in the sum of $2,000.

In their answer the defendants set up a counter claim, consisting of an indebtedness represented by four promissory notes of $100 each. The action having been brought for a tort, counsel for the defendants claim that plaintiffs waived the tort by failing to object to the counter-claim, and therefore can recover only for the value of the property, less the counter-claim. The indebtedness, set up in the counter-claim, was created through the purchase of the goods in question from the defendants. The plaintiffs recognized it as a valid claim for which suit could be maintained, and both parties appeared to be willing to have all their matters in controversy settled in one suit. This they could do, in the absence of objection at the trial. The defendants having proceeded to try the case on the issues thus joined, without objection, and without raising this question before the trial court, are not in position to raise it for the first time in this court. We are of the opinion that they waived their right to raise it here and that plaintiffs did not waive the tort. *Western Pac. R. R. Co.* v. *United States*, 108 U. S. 510.

We do not consider it necessary to decide the question as to whether the counter-claim should have been stricken out under objection.

Counsel insist that the judgment was erroneous as to Louis Simon and that the evidence shows that he was not one of the Simon Bros. The evidence shows him to be a joint tort-feasor, and, as such, he is jointly liable with the other defendant for the wrongful acts, the jury having so found under the evidence. There is evidence which tends to show that he was a member of the firm of Simon Bros.

The remaining point, on which the defendants seek to have the judgment set aside, is that of newly discovered evidence, which evidence is to the effect, that Miss Wim-

mer, one of the plaintiffs, stated ·to Samuel Weile, as appears from his affidavit, that she could not pay Simon Bros., and that, it would be necessary for them to protect themselves or take the property.

This statement, as shown by the defendants, having been made on the same day on which the plaintiff moved from Spanish Fork to Payson, with the knowledge and consent of Simon Bros., for the purpose of carrying on the business at Payson, could have no material effect on the merits of the case, in the light of the testimony introduced on the trial, and was therefore not sufficient ground for a new trial. There appears to be no error in the record. The judgment is affirmed.

SMITH, J., concurred.