## STATE v. MOORE.

No. 2247.   Decided June 20, 1912 (126 Pac. 322).

1. ADULTERY—MARRIAGE—ADMISSIONS. On a prosecution for adultery, the voluntary and deliberate admissions of accused are sufficient proof that he was a married man at the time the crime was committed.[1]   (Page 248.)

2. CRIMINAL LAW—NEW TRIAL—NEWLY DISCOVERED EVIDENCE—DILIGENCE. After two trials of a criminal case, a new trial for newly discovered evidence to establish an alibi was properly denied for lack of diligence, where the only excuse given by accused for not procuring such evidence earlier is that he had forgotten that on the night the crime was committed he was attending a social party. (Page 250.)

3. CRIMINAL LAW—NEW TRIAL—NEWLY DISCOVERED EVIDENCE—MATERIALITY. The granting of a new trial, in a prosecution for adultery, on the ground of newly discovered evidence showing that at the time the prosecuting witness testified the crime was committed accused was not at the place where she testified it was committed, where such evidence would have been merely cumulative, and where testimony that accused admitted the commission of the crime although not on the date testified to, was uncontradicted, was in the discretion of the trial court, and its denial was not error, since, time not being material because neither descriptive nor of the essence of the offense, such new evidence would not have raised a reasonable doubt of accused's guilt.   (Page 250.)

APPEAL from District Court, Sixth District; *Hon. J. F. Chidester,* Judge.

L. T. Moore was convicted of adultery and he appeals.

---

[1] State v. Moore, 36 Utah, 521, 105 Pac. 293.

AFFIRMED.

*S. A. Maginnis* and *Weber & Olson* for appellant.

*A. R. Barnes,* Attorney-General, and *E. V. Higgins* and *Geo. C. Buckle,* Assistant Attorneys-General, for the State.

FRICK, C. J.

Appellant was charged with and convicted of the crime of adultery, was sentenced to a term in the State Prison, and appeals.

Appellant, at the time he is charged with having committed the offense, was a traveling salesman for an Ogden house, and the prosecutrix was about twenty years of age and was employed as waitress in a hotel at Elsinore, Utah; the latter place being somewhat in excess of 200 miles south of Ogden. The only errors assigned are the following: (1) That the court erred in refusing to direct the jury to return a verdict of not guilty upon the ground that the "evidence is insufficient to justify a conviction;" (2) because the court erred in overruling appellant's motion for a new trial; and (3) because of error in refusing to grant a new trial.

Referring to the first ground set forth above, appellant's counsel in their printed brief and argument say: "If the proof of the defendant's being a married man was sufficient, the verdict was supported by the evidence." It is conceded therefore that the evidence is sufficient to sustain the verdict and judgment, provided the evidence is sufficient to sustain a finding that the appellant at the time the offense was committed was a married man. The evidence is uncontradicted that the prosecutrix was a single woman about twenty years of age when the sexual act took place; that she had sexual intercourse with appellant; that as a result thereof she gave birth to a child; that appellant admitted to the prosecutrix and to a young man before the sexual intercourse took place that he

was a married man, and also admitted to the father of the prosecutrix that he was the cause of her condition and that he had "a wife and a couple of children." At the time the admission to the young man was made, he drove a livery team for appellant on some business trip, and while on the trip appellant showed the witness a photograph or photographs which appellant said were the pictures of "his wife and two children." Afterwards the father of the prosecutrix charged appellant with being the author of her unborn child and with being a married man with a wife and a couple of children, which appellant admitted. He also at that time said that he wanted to do all he could for the prosecutrix in view of her condition and then gave her a check for ten dollars, and afterwards paid her twenty dollars more. In addition to the foregoing, appellant also sent the prosecutrix a package containing some linen and underwear for the "baby." None of the foregoing statements and admissions are disputed, not even questioned. It is seriously contended, however, that the naked admission by appellant that he was a married man when the act was committed is not sufficient to establish his status as a married man with a wife living at the time. We think this precise question has been set at rest by this court in the case of *State v. Moore,* 36 Utah, 521, 105 Pac. 293, Ann. Cas. 1912A, 284. What we decided in that case is correctly reflected in the third headnote in the following words:

"In a prosecution for adultery, voluntary and unequivocal admissions by the accused on various occasions that she was the wife of M. were sufficient to prove the fact of marriage."

To the same effect is *State v. Greene,* 38 Utah, 389, 115 Pac. 181. In both of the foregoing cases it was contended that the married status cannot be established from the naked admissions of the accused. The case of *State v. Moore, supra,* is thoroughly annotated in Ann. Cas. 1912A, and from an examination of the authorities there collated it will be found that the great weight of modern authority is clearly in support of the doctrine announced in that case. The admissions testified

to in the case at bar were all made voluntarily and deliber-
ately and leave no room for doubt that the appellant when he
made them did so intentionally and with the view of stating
the fact that he was married. Moreover, no one either ques-
tions or assails the truthfulness of the admissions. In view
of the foregoing, the weight of the evidence was to be passed
on by the jury, and the court was therefore clearly right in
refusing to direct a verdict of not guilty.

We are also of the opinion that the court was right in
overruling the motion for a new trial and in refusing to
grant a new trial. The question presented by counsel arose
thus: An information was filed in the district court of Sev-
ier County, Utah, on the 23d day of September, 1909, in
which the appellant was charged with having com-
mitted the offense of adultery in said county on the     **2, 3**
20th day of March, 1909. A trial was had some time
in the summer of 1910 which resulted in a mistrial for the
reason that the jury was unable to agree upon a verdict. The
case was then continued and again tried in January, 1911,
at which time the jury returned a verdict of guilty. At the
first and at the second trials the prosecutrix testified that the
sexual intercourse took place in a hotel at Elsinore on the
night of the 20th of March, 1909. On cross-examination
she fixed the date positively. The other witnesses also testi-
fied positively that the appellant was with the prosecutrix at
the hotel aforesaid on the night aforesaid. The testimony
was also uncontradicted that the prosecutrix was delivered of
a child on the 2d day of December, 1909. In view of the
foregoing testimony, appellant undertook to establish an
alibi by showing that on the night of the 20th of March,
1909, he was not at Elsinore, Utah, but was at Richfield some
six or seven miles from Elsinore. He produced two witnesses
who testified to that effect. At the second trial he again
called two witnesses who testified that appellant was at Rich-
field on March 20, 1909. During the trial he also asked
the court to continue the case on account that a certain wit-
ness by the name of West was absent from Richfield, who,
if present, would testify that appellant was at Richfield on

the night aforesaid. The court postponed the trial two days to give appellant an opportunity to produce the witness, West. The witness not appearing, the case was submitted to the jury without his testimony and without any application for a continuance. After a verdict was returned, a motion was filed in which appellant asked that he be granted a new trial upon the ground of newly discovered evidence. Appellant did not testify at the trial, but he has filed an affidavit in support of his motion for a new trial in which he says that he was at Richfield on the night of the 20th of March, 1909, attending a social party. In addition to his affidavit, there are also four other affidavits filed by different persons who, in their affidavits, testify that appellant was in attendance at the party on the night aforesaid. On the first and second trials the two witnesses called by appellant testified that appellant was engaged in a card game at Richfield on the night in question. The witnesses who have filed affidavits however, say that appellant was present at the said party, and the appellant in his affidavit says that he had forgotten all about the party until his attention was directed to the fact after the second trial. Appellant's attorneys also file affidavits in which they state that they were not called into the case until after the first trial and not until a few days before the second trial; that they had no personal knowledge of the facts stated in the affidavits; and that appellant had at no time informed them thereof until after the second trial. Appellant had also produced and introduced in evidence the hotel register of the hotel in Richfield to prove that he was not at Elsinore, but at Richfield, on March 20, 1909; his name appearing on the hotel register.

We have set forth the contents of the affidavits in the most general terms for the reason that the details stated therein are entirely immaterial in view of the fact that there is an utter lack of diligence shown on the part of the appellant why the witnesses were not produced to testify at the second trial. No doubt his present counsel are entirely blameless in the matter; but the mere fact that they cannot be charged with lack of diligence cannot purge their client also. It is

made to appear that at no time did appellant make any attempt either by issuing subpoenaes or otherwise to have any of the witnesses mentioned in the affidavits attend court to testify in his behalf, although quite a number who are named in the affidavits it is alleged knew of the fact that appellant was in Richfield on the night of the 20th of March, 1909. Many of those named have always lived at Richfield where the trial was had and could have been called into court to testify at any time. There is absolutely no reason shown (except as appellant says he had forgotton the party) why any of those who attended the party could not have been reached at any time while the trial was in progress, nor why the testimony of one was not as trustworthy as that of any other, if any of them were absent from Richfield at the time of the trial. We have a case, therefore, which was tried twice. The evidence on the second trial on the part of the state is almost precisely the same as on the first trial. The only defense is an alibi, which it is now claimed can be established by a greater number of witnesses than were called at either the first or second trial, and that they were not called because the appellant forgot about a party at which those witnesses attended the same as he did. In addition to all this, the alibi becomes material in this case only because counsel on cross-examination succeeded in having the witnesses who testified on behalf of the state fix the date of the sexual intercourse as occurring on March 20, 1909, at which time appellant now says, although he did not say so at the trial, he was not at Elsinore where the offense was committed, but was at Richfield a few miles distant from Elsinore.

In view of the testimony of the prosecutrix that the offense was committed on a particular day, counsel requested the court to charge the jury that the date testified to by her was material, and that unless the jury "can find from the evidence beyond a reasonable doubt that the crime of adultery was committed by the defendant . . . as charged on Saturday, March 20, 1909, you cannot convict the defendant, even though you believe that defendant had sexual intercourse" with the prosecutrix "at some other time than the said Satur-

day, March 20, 1909." The court refused to so charge, but did charge the jury as follows: "The state relies upon the 20th day of March, 1909, as the date upon which the crime was committed, and the state is bound by that date." It is thus made apparent that time, which, in this case, was utterly immaterial because neither descriptive nor of the essence of the offense, was by the court declared material because the prosecutrix insisted that the crime was committed on a particular day. The jury were thus deprived of the right to consider all the facts and circumstances before them and from them all determine whether the witnesses may not have testified truthfully with respect to the happening of the event, but may have been mistaken with regard to the date on which it occurred. It is not at all unusual for witnesses to be mistaken with respect to time, and for this reason it is not improper, where an alibi is interposed as a defense, for the court to direct the jury's attention to that fact.

In 1 Bishop's New Crim. Proc. sec. 1064, the author says:

"Honest witnesses oftener mistake dates, the times of day, and the identity of people seen, than the average of other things to which they testify."

It is for this reason, the author says, that it is proper to admonish the jury as aforesaid. That the author is correct in the foregoing statement is well known to all who attend the trial of cases and whose duty it is to hear and pass upon the weight to be given to the testimony of witnesses. Moreover, that the doctrine laid down by Bishop is not only correct, but that it is safe and ultimately reflects justice, is well illustrated by the circumstances of the case at bar. If the theory of counsel, and that followed by the trial court, is correct, then the question of whether appellant actually committed the offense or not is quite immaterial, provided he can prove he did not commit it on the particular day fixed, although he does not show or attempt to show in connection therewith that it was not just as possible for him to have committed the offense on any day immediately before or immediately after the day fixed. The fallacy of such a contention is made mani-

fest from the facts and circumstances of this case for the reason that if appellant should in fact prove an alibi on the 20th day of March, 1909, this still would not, and could not, have overthrown his admissions that he is guilty of having committed the offense with which he is charged in the information. In this regard he not only in express terms admitted to the father of the prosecutrix that he was guilty, but also in effect did so by his acts and conduct in giving the prosecutrix money and other articles to provide for the wants of the baby, which he admitted was his child. In view of these uncontradicted and other circumstances, it would still be a question for the jury to say whether the offense was committed on the particular day mentioned by the prosecutrix or some other day, and hence it would almost amount to a farce to have witnesses come into court and testify to facts which, if conceded to be true, would nevertheless leave the fact of appellant's guilt untouched. Entirely apart from the fact, therefore, that appellant has shown no diligence whatever to produce the alleged newly discovered evidence before, and that for that reason the court did not err in refusing to grant a new trial, the further fact remains that the newly discovered evidence would not even raise a reasonable doubt concerning his guilt. The only doubt it would raise would be as to whether he committed the offense on the particlar day named by the prosecutrix, namely, the 20th of March, 1909. Under the peculiar circumstances of this case, therefore, the question as to whether a new trial should have been granted upon the ground of newly discovered evidence was one largely within the discretion of the trial court. (*Thompson v. State,* 5 Humph. (Tenn.) 138; *Thompson v. State,* 54 Ga. 577.)

We think the court committed no error in overruling the motion for a new trial.

The judgment is affirmed.

McCARTY, J., concurs.

STRAUP, J. (concurring).

I concur in the result. I think the evidence, for the reasons already stated, is sufficient to support the verdict. I also think the motion for a new trial was properly overruled for the reasons that (1) the alleged newly discovered evidence was not newly discovered; (2) the evidence was merely cumulative; and (3) with proper diligence could have been produced at the trial. By the alleged newly discovered evidence the defendant claims that on a new trial he can show by West and others that at the time of the alleged offense, and as testified to and fixed by the prosecutrix when the offense was committed at Elsinore, the defendant was at Richfield. But the fact that the defendant then was at Richfield, and the circumstances thereof, were testified to at the trial by two witnesses on defendant's behalf. The alleged newly discovered evidence is but additional evidence of the same grade and character, and to the same point. Furthermore, the defendant and his counsel, before the trial, knew that West and others not produced at the trial were possessed of knowledge, or claimed to be, of the presence of the defendant at Richfield at the time in question. The evidence therefore was not newly discovered. And, as well stated by the Chief Justice, proper diligence was not shown to procure their attendance at the trial.