# CHARLESTON.

### R. C. EWING v. WILLIAM J. CHAPMAN.

## Submitted September 26, 1922.   Decided October 3, 1922.

1. TRIAL—*Charge Ignoring Contributory Negligence of Plaintiff in Automobile Collision Erroneous.*

   In an action for the recovery of damages for an injury sustained in a collision between two automobiles, on a highway, in a period of dense fog rendering it very difficult to see the road, as well as objects upon it, neither of which is shown to have displayed any lights or sounded a horn, or to have taken any precaution against accident, beyond adoption of slow speed, it is error to instruct the jury to find for the plaintiff, if they believe from the evidence that the defendant was driving on the left side of the road, at the time of the collision, and failed to turn his car to the right side thereof, on meeting the car in which the plaintiff was, so as to pass it without interference, and in consequence of such failure, struck it and caused the injury, unless they shall further find that the driver of the car in which the plaintiff was, failed to turn it to the right of the center of the road; because such instruction ignores the theory of contributory negligence on the part of the plaintiff and contributory negligence of the driver imputable to him, the evidence tending to prove their joint use of the car they were in.   (p. 641.)

2. HIGHWAYS—*Injured Automobilist Precluded from Recovery by Contributory Negligence in Assuming Unwarranted Conditions.*

   If the car in which a person was injured under such circumstances and in such manner was driven along the right hand side of the road, at such rate of speed that it could not be stopped within the distance at which an approaching or standing car on the same side of the road could be seen, upon the assumption that no approaching vehicle would occupy that side of the road, and the density of the fog was such as

to render it doubtful whether persons using the road could determine its exact character or their exact positions upon it, he is precluded from right of recovery of damages for his injuries, by his contributory negligence. (p. 641.)

3.  Same—*Rapidly Moving Vehicle Observing Traffic Regulations May Use Any Part of Comparatively Straight Highway.*

On straight or comparatively straight sections of a highway, a rapidly moving vehicle may use any part of it, without guilt of negligence on the part of the driver, provided he observes the regulations respecting the passing of other vehicles. (p. 641.)

Error to Circuit Court, Hancock County.

Action by R. C. Ewing against William J. Chapman. Judgment for plaintiff, and defendant brings error.

*Reversed and remanded.*

*Frank Chapman, Robert Wilkin,* and *W. W. Ingram,* for plaintiff in error.

*E. A. Hart,* for defendant in error.

Poffenbarger, President:

The judgment for $741.67, brought up for review, by this writ of error, was recovered in an action for personal injuries sustained in a collision between two automobiles on a public highway, in a period of dense fog, alleged to have been occasioned by the negligence of the defendant who, at the time, was driving his own car, while the plaintiff was riding in a Ford car owned and driven by a neighbor and friend who is alleged to have been a competent driver and to have been exercising due care and prudence, at the time of the collision and injury.

As the declaration fully sets forth the situation and relation of the parties, the time, place, manner, character and extent of the collision and injury and charges that they were occasioned by the negligent, careless and reckless driving of the defendant, it sufficiently states a cause of action; wherefore the demurrer to it was properly overruled. It describes the road at the place of the collision, shows it to have been twenty feet wide at that point, places the car in which the plaintiff was, on the right side thereof, avers ample room for

the defendant to pass and then charges that the latter so carelessly, negligently and recklessly drove and operated his automobile that it was driven and struck against the automobile in which the plaintiff was riding and caused him to be thrown forward against the windshield and front parts of the car and greatly injured. It suffices to plead the injury and charge the defendant with having negligently inflicted it, with and by means of a specified instrumentality, when the agency or means of injury is a vehicle, machine, implement, tool, appliance or some other material thing operated or controlled by him, directly or indirectly. *Bralley* v. *N. & W. Ry. Co.*, 66 W. Va. 462.

It is insisted, in view of the peculiar facts disclosed, that plaintiff's instruction No. 1 was erroneously given and that the verdict should have been set aside, as being contrary to the law and the evidence, as well as for erroneous rulings. All of the witnesses agree that the collision occurred in a fog so dense as almost to preclude vision. The three men in the car in which the plaintiff was riding say they did not see the defendant's car until they collided with it, and that earlier view thereof was prevented by the density of the fog. The defendant and two of his three companions in the other car, a Cole 8, agree that the fog was thick and greatly obstructed the view; but they say they saw the Ford car at distances varying from a car length to forty feet, before the collision occurred. All agree that there was not sufficient time for any material change in the positions or directions of the cars, after they came into view. The Ford car displayed no lights, carried no speedometer and its horn was not working efficiently. There is no proof that the other car displayed any lights or sounded its horn. According to the testimony of its occupants, the Ford car was running at the rate of five to seven miles per hour. The occupants of the other car placed its speed at three miles per hour. From the results of the collision, it might be inferred that one or both of the cars were running faster than the witnesses say they were running. The driver of the Ford car was thrown over the wheel and injured. His companion in the front seat, the

plaintiff, was thrown against the windshield and the front of the car, in such manner that his nose was broken, his face badly cut and his knee seriously hurt. The damage to the Ford car is not disclosed, but the other car was considerably injured. Its bumper was bent, its light lenses broken and brackets bent, its rails sprung and its heavy front axle bent. As to the position of the cars on the road, the evidence conflicts. The paved road is nine and a half feet wide, but, at the point of collision, it was adjoined by a parallel eight-foot dirt road. In his testimony, the defendant says there was a smooth space of about three feet, outside of the three or four inch curb on the other side of the paved road, that could have been used in passing, and this statement is not specifically contradicted. A civil engineer used as a witness said this space was five feet wide, smooth and even with the curb, but not used in travel. The witnesses for the plaintiff say the Ford car was kept very close to the right hand curb and that the defendant's car, when struck, was not more than about one foot distant from that curb. They say, in other words, the latter car was clearly on its left hand side of the road, instead of the right where it should have been. The defendant and some of the witnesses say the right hand wheels of his car were at least twenty inches off of the paved road, and that a space of more than five feet was left between his car and their left hand curb, the right hand curb viewed from the other car. If, legally speaking, the paved area was the road and the defendant is correct as to the position of his car, he had yielded more than half of the road and was in his proper place. If the road includes the unpaved area, he was out of position, his car being on the left side of the center. The jury could well have found that the road was practically straight at the point of collision and that that point was between two curves not far distant from each other. The engineer says it was straight at that point, and the testimony of the other witnesses is not irreconcileable with his statement. The general course of the road including the short straight section substantially conformed to a seven degree curve toward the right of one

pursuing the direction of defendant's car. Both drivers were familiar with the road and each had reason to believe he would meet the other on that morning, it being the custom of each to use the road each morning as he was using it at the time of the accident. Admitting additional space on his right, the defendant said he was unable, while driving, to tell his exact position on the road, on account of the density of the fog. He swore he could not see the right side of the road from his position on the left side of the car, but admitted he could have gone farther to the right, if he could have seen where he was going.

We are of the opinion that plaintiff's instruction No. 1, read in the light of the evidence, was too narrow in its terms. It directed and required the jury to find for the plaintiff, if they believed the defendant was driving on the left side of the road, at the time of the collision, and failed to turn his car to the right side thereof, on meeting the car in which the plaintiff was, so as to pass it without interference, and, in consequence of such failure, struck it and thereby caused the injury; unless they should further find that the driver of the car in which the plaintiff was, failed to turn it to the right of the center of the road. There were many other facts the jury should have taken into consideration. On account of the fog, it may have been difficult for either party to know or maintain his proper position on the road. Each may have been guilty of negligence in using the road under the prevailing conditions, without further precautions than those adopted. The admitted rate of speed of the car in which the plaintiff was may have been too great under the circumstances. The jury might have been able to infer from the force of the collision, evidenced by its results, that the car was maintaining a much higher rate of speed than that admitted. A lower rate of speed might have enabled the driver to see the other car in time to stop, as the defendant says he did. Right of recovery does not necessarily arise out of the negligence of the defendant. Contributory negligence on the part of the plaintiff, or such negligence legally imputable to him, bars recovery, notwithstanding negligence

on the part of the defendant. This instruction, binding in terms, authorized the jury to find for the plaintiff, without taking any notice whatever of the evidence, facts and circumstances tending to prove such contributory negligence. For its narrowness and tendency to mislead the jury, this instruction falls clearly within the condemnation of many decisions. *Parkersburg etc. Sand Co.* v. *Smith,* 76 W. Va. 246; *Petry* v. *Cabin Creek etc. Co.,* 77 W. Va. 654; *Stuck* v. *K. & M. Ry. Co.,* 78 W. Va. 490. And the error committed in the giving thereof is not cured by the giving of others submitting the theory of contributory negligence. *Stuck* v. *K. & M. Ry. Co.,* cited.

Instruction No. 1 asked for by the defendant was properly refused, because, if given, it might have misled the jury. If he was out of place on the road, his careful and cautious driving there would not have saved him from liability. Instruction No. 4 requested by him was also properly refused. It may not be negligence to drive on the left side of a straight road, but the statute positively requires a driver to keep as far to the right as possible in rounding a curve. Sec. 96, ch. 112, Acts 1921. Though the road may have been straight at the point of contact, the defendant had just passed around a curve, and, if he had complied with the legal rule, likely he would have been on the right side of the road. Instructions Nos. 10 and 11 requested by him, which would have submitted the theory of contributory negligence on the part of the plaintiff, based upon his remaining in the car, without protest, in view of alleged obvious danger, were properly refused, because their subject matter was sufficiently covered by others given.

Sufficiency of the evidence to sustain the verdict was challenged by a request for a peremptory instruction to find for the defendant, which the court refused to give. This ruling necessitates inquiry as to its sufficiency. Plaintiff's assumption of right on his part to proceed along the right hand side of the road, in a fog so thick that he could not see through it, or so dense that he could not see for any distance in advance, while maintaining the moderate rate of

speed claimed by him, without taking further precaution, is not well founded. The defendant was not legally precluded from use of the left hand side of the road, except upon occasions of necessity for passing vehicles he chanced to meet. Neither the statute nor the ''Law of the Road'' independent of statutory provisions, denies right to use any part of a road, except in cases of necessity for passing, or under exceptional circumstances, which do not exist in this case. At the point of collision, the curve, if any, was no doubt too slight to apply the provision of sec. 96, ch. 112, Acts, 1921, requiring adherence to the right hand side in rounding curves. Besides, according to the evidence, neither driver could tell whether he was rounding a curve or not. The road was practically invisible. In his use of the left side of the road, the defendant was neither a trespasser nor a licensee. Each of the parties had right in respect of the entire road, to be exercised in a careful and prudent manner. The assumption upon which the plaintiff proceeded, without adequate precaution, namely, legal freedom of the right side of the road, is condemned by the condition obtaining as well as the law. If the fog was as dense as he claims it was, he might well have suspected or feared that others, as reckless as himself and his associates, might be on the road and unable to keep safely to the right, on account of the fog. He and his witnesses admit that no time intervened between their discovery of the defendants car and the collision. There was no opportunity to prevent injury by stopping their car. Reasonable care, caution and prudence in the driving of a car requires it to be so handled as to permit such opportunity and the law requires the driver to take advantage of it, if he would avoid liability for damages to others, or preserve his right of action based upon negligence of others. *Fisher* v. *O'Brien,* 99 Kan. 621, L. R. A. 1917 F. 610; *Ott* v. *Wilson,* (Mich), 185 N. W. 860. Our conclusion is that the injury for which the plaintiff has sued is attributable, as matter of law, as much to his own negligence as to that of the defendant; wherefore the peremptory instruction to find for the defendant should have been given and the verdict should have been set aside.

For the errors noted, the judgment will be reversed, the verdict set aside and the case remanded for new trial.

*Reversed and remanded.*