KIRBY *v.* SWIFT & COMPANY.

4-5684

134 S. W. 2d 865

Opinion delivered December 4, 1939.

*John M. Lofton, Jr.,* and *Owens, Ehrman & McHaney,* for appellants.

*S. Hubert Mayes,* for appellees.

MEHAFFY, J. The appellants, Frank E. Kirby and W. S. Compton, filed a complaint in the Pulaski circuit court alleging that while appellant Kirby was driving a truck belonging to appellant, Compton, the truck driven by Kirby collided with a truck belonging to the appellee,

Swift & Company, and being operated by the appellee Mulhein, at a point on Roosevelt Road immediately west of the viaduct passing over the Rock Island and Missouri Pacific tracks. The complaint alleged that the truck of Swift & Company was parked in a negligent and improper manner without any lights or signals to warn other persons on the highway of its presence. Appellants prayed judgment in favor of Kirby for $3,000 and in favor of Compton for $360 for damages to his truck.

Appellees answered denying the material allegations of the complaint, and pleading contributory negligence.

The evidence showed that the accident happened about 6:30 in the morning on November 18, 1938. There was at that time a heavy rainfall, and appellee Mulhein was driving a truck for Swift & Company, for whom he had worked nine or ten years. In driving the truck for Swift & Company, he made Hot Springs and Benton on his route. On the morning of the accident he loaded the truck and left the plant at about 6:15 and went down Broadway to Third Street, came out Broadway to Seventh, and stopped there about ten minutes, then started for Hot Springs going out Broadway and turning right on Roosevelt Road. The truck became drowned out just before he got to the viaduct. He struck a big sheet of water standing on the road and the truck started spitting. He just reached the crest of the viaduct and let it roll over on the other side, where it stopped. He stopped his truck with the right-hand side a foot or two from the curb. The front wheel was a little closer than the back wheel. The motor would not run. Mulhein asked someone passing to call up and tell them that he was drowned out, and he then started to go up to the orphanage to telephone. When he stepped out of his truck he saw a car coming behind him and started to walk back of the truck, but when he got even with the back, this truck that he had seen coming was 50 or 60 feet from him and was making no effort to stop. He then started backwards holding up his hands. When he first saw the truck coming it was 300 or 400 feet away and did not have any lights on. He had on a white jacket. The rear doors of his truck were closed and he had turned off his lights

when he started to the orphanage. The other truck ran into the back end of Mulhein's truck. He and another person got Kirby out of the truck. Someone suggested that they take him to the hospital, but Kirby wanted to be 'taken to the office. The jolt knocked Mulhein's truck three or four feet and knocked the doors of the truck open. Kirby, who was driving the truck of the Compton Candy Company, left the plant about 6 o'clock in the morning. It was raining hard. He drove to a filling station at 25th and Arch Street. There was no attendant there. It was raining very hard at the time and he waited there until about 6:10 or 6:15, waiting for the attendant. While waiting there he saw the truck of Swift & Company pass going towards Hot Springs. He waited there 15 or 20 minutes and had his truck serviced. He was waiting for the rain to cease so he could go ahead. The rain would only let up when the wind would cease blowing. It was still raining when he left the filling station. He saw it was not going to stop, so he went on. His route was through Benton and Traskwood and then back to Little Rock. He drove approximately 15 miles an hour. The rain was falling so fast that he could not see. Was trying to protect himself from other cars and trucks that would be parked on the side of the road. His windshield wiper was working properly. There were two cars coming down the grade from the west and the lights were in his eyes. He could see the lights, and suddenly this truck appeared before him, and he pulled to the left. He thought he could go to the left and cut around the car, but he saw that the car coming from the west would hit him if he got too far over. He was in his right lane. The door of the truck was open, leaving a black void in front of him. He did not have an opportunity to apply his brakes and avoid the collision. He was right on the truck at the time. There were no lights on the rear of the truck. Had there been any lights on the Swift & Company truck he could have seen them. When the truck driven by Kirby hit the other, it broke the steering wheel and the boxes of confections were shoved through the truck onto Kirby. Kirby was seriously injured. The Compton truck was damaged considerably.

The jury returned a verdict for appellees, and the case is here on appeal.

The appellants say that they raise but one issue on this appeal, and that is whether instruction No. 5 given at the request of appellees is erroneous. The instruction reads as follows:

"You are instructed that if you believe from the evidence that the plaintiff, Frank E. Kirby, was driving the truck belonging to Compton Candy Company at such a speed that he could not bring it to a standstill within the distance that he could plainly see parked cars, trucks, or other objects ahead of him, under the conditions existing at the time of the collision, and that such speed contributed to or caused the injury complained of, then your verdict will be for the defendants as to both plaintiffs."

Appellants call attention to *Herring* v. *Bollinger,* 181 Ark. 925, 29 S. W. 2d 676. In that case there had been a collision between an automobile and truck at the intersection of streets in the city of Fort Smith. The court instructed the jury in substance that no person should drive a vehicle upon any public street or highway in that city at a greater rate of speed than is reasonable or proper, having regard to the traffic and the use or condition of the way, so as to endanger the life or limb or injure the property of any person. The court then instructed the jury that if appellant was driving his vehicle at a speed greater than 20 miles an hour, such speed is *prima facie* evidence that he was operating at a greater speed than is reasonable. He further told them that if they found that such speed was the proximate cause of the collision and damages, if any, proved by the evidence, then the verdict should be for the plaintiff. It was earnestly insisted in that case that the instruction given was erroneous. The court said in that case "that the appellant was driving at a speed greater than 20 miles an hour was one of the facts which the jury had a right to consider in determining whether or not he was negligent." The court gave several other instructions that were objected to, and the judgment was reversed because of the giving of erroneous instructions. One

error in that case, as stated by the court, was that the instruction told the jury to find for the plaintiff if the violation of the statute was the proximate cause of the collision and damage, without requiring the jury to find whether the appellant was negligent in failing to comply with the law.

Of course, the appellants could not recover if Kirby was guilty of negligence, and that negligence contributed to cause the injury.

Whether Kirby was guilty of negligence was a question for the jury, and not for the court. The above instruction speaks of the conditions existing at the time of the collision. The conditions were that it was early in the morning, a heavy rain falling, and one could see but a few feet ahead. Another condition was that the Swift & Company truck was parked on the road in the dark without any lights. The driver of said truck had turned the lights off so that one approaching could not see the truck until he came within a very few feet of it.

The law requires that no person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions then existing. Instead of submitting to the jury the question of whether the speed of Kirby's truck was greater than was reasonable and prudent, the court told the jury that Kirby would be guilty of negligence if he could not bring his car to a standstill within the distance he could plainly see parked cars. In other words, the court, in the instruction above referred to, did not leave to the jury the question as to whether Kirby was guilty of negligence, or whether the rate of speed, under the conditions existing at that time, was reasonable and prudent.

This court, in the case of *Coca-Cola Bottling Company* v. *Shipp,* 174 Ark. 130, 297 S. W. 856, reviewed the authorities and adopted the view of the Oregon court, which said:

"Appellant's principal contention, aside from the question as to the proper measure of damages, is that we should hold as a matter of law that plaintiff was guilty of contributory negligence in failing to stop his

automobile within the range of his vision. While some courts have announced a hard and fixed rule that it is negligent to drive an automobile at such rate of speed that it cannot be stopped within the range of the driver's vision, . . . we think it improper to do so. Each case must be considered in the light of its own peculiar state of facts and circumstances. After all, the test is, what would an ordinarily prudent person have done under the circumstances as they then appeared to exist? Can we say that all reasonable minds would reach the conclusion that plaintiff failed to exercise due care to avoid this collision? We think not. Plaintiff had a right to assume, in the absence of notice to the contrary, that defendant would not put this dusty gray truck on the highway after dark without displaying a red light on the rear thereof. If the truck had been lighted, the jury might well have drawn the reasonable inference that plaintiff would have been able to avoid striking it. . . . While there is authority to the contrary, we believe the better reasoned cases support the holding that whether plaintiff failed to exercise due care to avoid the collision was a question of fact for the jury."

In the instant case, Kirby certainly had the right to assume, in the absence of notice to the contrary, that the appellee would not park a truck on the highway and turn out the lights when it was so dark that one could see but a few feet ahead.

This court said, in the case of *Bush* v. *Brewer*, 136 Ark. 246, 206 S. W. 322: "While appellee did not succeed in stopping his car before striking the train, he almost did so after he discovered it, and he would perhaps have done so within the distance if the road had not been wet and unduly slick. . . . The most careful and cautious man will frequently make mistakes in measuring and estimating distances within which he can stop his automobile. We think under the facts and circumstances of this case the question of negligence on the part of the appellees in this regard is a question solely for the jury."

Kirby had a right to assume that no one would park a car on the road without lights, and the evidence in this

case shows that the driver of the Swift & Company truck, notwithstanding it was so dark one could see but a very short distance, turned out the lights for no reason except to save his battery.

In the case of *Blakely & Son* v. *Jones,* 186 Ark. 1169, 57 S. W. 2d 1032, this court said: "In determining what is or is not negligence in any given case, the test is always what in the light of all the circumstances and in situations similar to that of the person under inquiry, one of ordinary prudence would or would not do, and where men of ordinary intelligence might differ in their honest judgment, the question of negligence is one for the jury."

In the case of *Coca-Cola Bottling Company of Blytheville* v. *Doud,* 189 Ark. 986, 76 S. W. 2d 87, the court gave the instructions requested except for the concluding sentence, which was as follows: "And you are further instructed that it was her duty at the time to be driving the car at such reasonable speed and with such reasonable care that she could bring it under control." The court said: "This sentence does not correctly state the true rule as to the control of a car by its driver . . . The rule is that the driver must have his car under such reasonable control as would enable him to avoid accidents which might be foreseen by the exercise of ordinary care."

What would be the exercise of ordinary care is a question of fact for the jury.

In driving the automobile in the instant case, Kirby saw the lights of approaching automobiles, but did not see the parked truck until he got almost upon it. He then undertook to go around it and could have done so but for the cars approaching him. He saw that he would be hit if he went too far over to the left, and it was then impossible for him to avoid hitting the parked car.

All of our authorities hold that one must have his car under control where there is reason to apprehend danger, and they are unanimous in holding that the question of negligence is one for the jury. While there are numbers of authorities to the contrary, we have adopted the rules above set forth, and adhere to them.

For the error in giving the above instruction, the judgment is reversed, and the cause remanded for a new trial.

McHANEY, J., disqualified and not participating.