TRIMBLE et ux. v. UNION PACIFIC STAGES et al.

No. 6621.  Decided October 27, 1943.  (142 P. 2d 674.)

*Grover A. Giles* and *S. D. Huffaker*, both of Salt Lake City, for appellants.

*George H. Smith, Robert B. Porter,* and *W. Hal Farr*, all of Salt Lake City, for respondents.

LARSON, Justice.

Plaintiff filed suit against defendants in the District Court of Salt Lake County, for damages for the death of their son in an automobile accident occurring on January 6, 1942. The jury brought in a verdict of no cause of action, and plaintiff takes this appeal.

The deceased, on the evening of the accident, went to Ogden with one Charles Davis, and two young ladies, riding in Davis' car. The party was on the return trip to Salt Lake City, when the car suddenly went into a patch of dense fog, at a point about half a mile south of the Farmington Junction on highway No. 91-A. Davis, who was driving the car, applied the brakes, and the car went out of control on the slippery pavement and slid into a snow bank on the west side of the highway. Shortly after that a truck owned by the Fuller-Toponce Truck Company and driven by a Mr. Palmer stopped to give assistance. Palmer put out a lighted fusee some distance north of the truck. This truck pulled the Davis car back onto the Highway. The car was facing in a northwesterly direction, at the extreme west side of the travelled portion of the highway, the left wheels being on the left or west shoulder of the highway. The truck was stopped facing south, near the center of the highway. Palmer and Davis were just taking the tow chain off of the truck, when a bus belonging to defendants approached from the north, coming through the fog. Instead of going to the

left or east around the Fuller-Toponce truck, the bus swung to the right or west side of the truck, striking the Davis car, and throwing it down into the barrow pit at the west side of the highway. Don Trimble, plaintiff's son, the two young ladies, and Palmer, the truck driver, were all killed. Davis, the driver of the car, was the only survivor. As soon as the bus stopped, Tucker, the driver, got out and placed flares above the edge of the fog on the highway to the north, and he testified that at that time the fusee put out by Palmer had burned out completely. He also testified that he saw no lights on the truck, and no fusee burning in the road before the collision. Admittedly there were no lights burning on the Davis car, they having been turned out at Palmer's suggestion so as not to blind drivers approaching from the north.

Appellant makes eight assignments of error, which present but three questions for consideration: Was the lower court in error in refusing to instruct the jury that defendant was guilty of negligence as a matter of law? Was the lower court in error in refusing to instruct the jury that negligence of Davis, the driver of the car, and Palmer, driver of the truck, could not be imputed to deceased? Did the lower court err in refusing appellants' motion for a new trial? We shall consider the assignments in the above order.

Appellant cites *Dalley* v. *Mid-Western Dairy Products Co.*, 80 Utah 331, 15 P. 2d 309, and *Hansen* v. *Clyde*, 89 Utah 31, 56 P. 2d 1366, 104 A. L. R. 943, in support of the contention that the court should have instructed that as a matter of law defendant was guilty of negligence. These cases lay down the rule that it is the duty of a driver of a motor vehicle moving along the highway at night to so drive his vehicle that he can stop before colliding with any object within the range of his headlights. And further, if the lights with which the veicle is equipped are not up to the standard set by law, the driver must reduce his speed proportionately. Failure to observe this standard of care is

negligence as a matter of law. This is the rule of law that we are asked to apply in the case at bar. Appellant argues that since defendant's bus was moving at such a speed after entering the fog that it could not be stopped within the driver's range of vision, the driver, and his principals, the defendants were guilty of negligence as a matter of law. Thus in effect appellants ask this court to say that one driving on a highway at night is bound to anticipate that there will be fog, smoke, or some other obstruction which will reduce the driver's vision, and that therefore all must drive at such speed that should they meet with such an obstruction they can stop their automobile within the range of their vision as it is limited by this obstruction. We do not believe this to be the correct rule of law, or the situation to which the rule laid down in the Dalley case, supra, was intended to apply. In *Nielsen* v. *Watanabe,* 90 Utah 401, 62 P. 2d 117, 119, there was a situation similar to the one in this case. There while the driver of plaintiff's car was suddenly and unexpectedly blinded by the lights of approaching automobiles, or during the brief period of blindness which it is commonly known follows exposure to bright lights, the collision occurred, plaintiff running into a truck parked on the highway, without a taillight burning. This court there said:

"If the truck could not, because of some obstruction, be seen as plaintiff and her husband approached it prior to the time they were blinded, and if plaintiff's husband was driving at a lawful rate of speed an automobile properly equipped with lights and brakes without any reason to believe the headlights of another automobile would suddenly or unexpectedly blind him, that while so blinded the collision occurred without time for him to reduce his speed or stop his automobile, the rule announced in the cases relied upon by defendant and heretofore cited in this opinion [the Dalley case, and others laying down the same rule] would not apply. Under such circumstances it may not be said that plaintiff's husband was, as a matter of law, guilty of contributory negligence." Citing 4 Huddy Cyc. of Auto. Law, 9th Ed., p. 50.

And in *Moss* v. *Christensen-Gardner, Inc.,* 98 Utah 253, 98 P. 2d 363, 365:

"Indeed, the allegation that because of the glare of the headlights of the other car 'it was impossible, in the exercise of reasonable care, for plaintiff to see said unlighted and unmarked barricade * * * in time to safely avoid running upon the same' would seem to be equivalent to alleging that at the point where she could have, in the exercise of due care, seen the barricade she was blinded by the glare of such headlights; and the blinding light having passed, there was not sufficient distance between her and the barricade to have brought her car to a stop."

The court then goes on to hold that since the complaint by the above allegation does not show that plaintiff was, "as a matter of law, guilty of contributory negligence," the demurrer thereto should not have been sustained. Other courts have passed on this question, and in the following circumstances, said that there was no negligence as a matter of law: Vision obscured by dust raised suddenly by a passing automobile *(Johnson* v. *Prideaux,* 176 Wis. 375, 187 N.W. 207; *Murphy* v. *Hawthorne,* 117 Or. 319, 244 P. 79, 44 A. L. R. 1397; *Melton* v. *Manning,* Tex. Civ. App., 216 S. W. 488) ; sudden failure of headlights *(Mueller* v. *State Auto Ins. Ass'n,* 223 Iowa 888, 274 N. W. 106) ; blinded by the lights of approaching automobiles *(Kadlec* v. *Al Johnson Const. Co.,* 217 Iowa 299, 252 N. W. 103; *Salemme* v. *Mulloy,* 99 Conn. 474, 121 A. 870) ; when accident occurred on dark rainy day, and headlights of oncoming traffic blinded driver *(Kirby* v. *Swift & Co.,* 199 Ark. 442, 134 S. W. 2d 865) ; forced off the road by approaching automobile, and when the "weather was inclement, dark, misty and it was raining" *(Fleming* v. *Hartrick,* 100 W. Va. 714, 131 S. E. 558) ; and when there was fog on the road, both when it was a heavy fog occurring all along the road and when there were spots or zones of fog *(Lindquist* v. *Schmidt,* 289 Ill. App. 614, 7 N. E. 2d 501; *Nelson* v. *Inland Motor Freight Co.,* 60 Idaho 443, 92 P. 2d 790; *Renaud* v. *New England Transp. Co.,* 286 Mass. 39, 189 N. E. 789; *Ewing*

v. *Chapman*, 91 W. Va. 641, 114 S. E. 158; *Devoto* v. *United Auto Transp. Co.*, 128 Wash. 604, 223 P. 1050) ; also where attention was diverted by warning signals placed on left side of the road, and right side was also blocked, but without warning signals. *Miller* v. *Advance Transp. Co.*, 7 Cir., 126 F. 2d 442. In accordance with the foregoing authorities, it was not error for the lower court to refuse plaintiff's requested instruction that defendant was as a matter of law guilty of negligence. This matter was properly left to the jury.

As to the second proposition, whether the lower court erred in refusing to instruct the jury that negligence of the driver of the car and the driver of the truck could not be imputed to the deceased. The instructions given are not models and could have been improved upon. However, they substantially cover the material requested, and therefore it was not prejudicial error to refuse plaintiffs' request, since the substance thereof was given in other instructions.

Nor do we believe that the lower court erred in refusing to grant a new trial. The evidence of witnesses Hess and Halahan was cumulative, and it is well settled in this state that such evidence is not ground for a new trial. *Klopenstine* v. *Hays*, 20 Utah 45, 57 P. 712, 714, wherein it is said:

"It is well settled that, to entitle a defeated party to a new trial on the ground of newly-discovered evidence it must appear, (1) that he used reasonable diligence to discover and produce at the former trial the newly-discovered evidence, and that his failure to do so was not the result of his own negligence; (2) that the newly-discovered evidence is not simply cumulative; (3) that such evidence is not sufficient if it simply be to impeach an adverse witness; (4) it must be material to the issues, and so important as to satisfy the court, by reasonable inference, that the verdict or judgment would have been different had the newly-discovered evidence been introduced at the former trial; (5) that the defeated party had no opportunity to make the defense, or was prevented from doing so by unavoidable accident, or the fraud or improper conduct of the other party, with-

out fault on his part," See also State v. Moore, 41 Utah 247, 126 P. 322, Ann. Cas. 1915C, 976; Wimmer v. Simon, 9 Utah 378, 35 P. 507; State v. Brown, 48 Utah 279, 159 P. 545.

Furthermore, the granting of a new trial on this ground "was a matter wholly within the trial court's discretion. As long as that discretion is not abused, this court cannot interfere." Greco v. Gentile, 88 Utah 255, 53 P. 2d 1155, 1156. See also State v. Moore, supra.

For the foregoing reasons there is no error in the proceedings of the lower court Judgment affirmed. Costs to respondents.

WOLFE, C. J., and McDONOUGH, MOFFAT, and WADE, JJ., concur.