# CHARLESTON.

## CORRICK v. WESTERN MARYLAND RAILWAY CO.

Submitted February 6, 1917.     Decided February 13, 1917.

1. PARTIES—*Pleading—Declaration—Discretion   of   Party—Amendment.*

   A declaration and summons describing a defendant corporation, by the name of ''Western Maryland Railroad Company,'' whereas its true name is ''The Western Maryland Railway Company,'' may be amended on motion by inserting therein the correct name, and such amendment does not introduce a new defendant or a new cause of action.   (p. 593).

2. NEW TRIAL—*Excessive Damages—Setting Aside Verdict.*

   To warrant the setting aside of a verdict awarding damages for a personal injury, solely on the ground of excessiveness, the amount must be so large as to convince the court that the jury were actuated by improper motives.   (p. 595).

Error to Circuit Court, Barbour County.

Action by M. D. L. Corrick against the Western Maryland Railway Company.   Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*E. A. Bowers* and *Harry H. Byrer,* for plaintiff in error.

*Wm. T. George, H. J. Wilcox* and *J. Blackburn Ware,* for defendant in error.

WILLIAMS, JUDGE:

To a judgment recovered by plaintiff for a personal injury, alleged to have been received while he was a passenger on de-

fendant's railroad train, caused by a collision with a car standing on the switch, defendant obtained this writ of error.

The name by which defendant is designated in the declaration and in the summons is "Western Maryland Railroad Company". Service was made upon H. C. McCoy, defendant's depot agent, at Belington, and the sheriff's return likewise misnames the defendant. It was agreed between counsel at the bar of the court, that defendant succeeded to the property rights of the Western Maryland Railroad Company in the year 1909, and owned and operated the railroad and the train on which plaintiff was injured, and that its correct name is "The Western Maryland Railway Company". Plaintiff was thereupon permitted to amend, and did amend his declaration and summons by inserting the word "Railway" in place of the word "Railroad", in defendant's name, and, upon his motion, the sheriff was permitted to amend his return upon the summons by making a similar correction. The allowance of these corrections is assigned as error, on the ground that the effect was to substitute a new defendant and was equivalent to bringing a new action. Although the name by which defendant was erroneously described was the true name of its predecessor in title, and appears not to have surrendered its franchise, still plaintiff supposed it was the proper name of defendant. He was evidently endeavoring to describe the corporation that owned and operated the train on which he was injured, and no confusion could possibly arise from the fact that there was another railroad company of the exact name by which plaintiff undertook to describe defendant. It owned no tracks and operated no trains, and the employment of its name was simply a mistake in attempting to describe defendant. The law is liberal respecting the right to correct mistakes of this character, including also the right to have the sheriff correct his return to make it conform to the fact. That officer had served the summons on defendant's depot agent and had simply misdescribed him, in his return, as the agent of the Western Maryland Railroad Company.

Sec. 14, Ch. 125, Code, provides: "No pleas in abatement for misnomer shall be allowed in any action; but in a case

wherein, but for this section, a misnomer would have been pleadable in abatement, the declarations and summons may, on the motion of either party, and on the affidavit of the right name, be amended by inserting the same therein.''

An affidavit was rendered unnecessary in this case by the agreement of counsel as to the correct name. See also, *Varney & Evans* v. *Hutchinson Lumber & Mfg. Co.*, 64 W. Va. 417, and *Grafton Grocery Co.* v. *Home Brewing Co.*, 60 W. Va. 218.

The second assignment is that the court erred in refusing to direct a verdict for defendant, on the ground that plaintiff's action was barred, the theory being, that the amendment had the effect of bringing a new action, and, more than one year having elapsed between the time of injury and the amendment, the action was barred. This theory is not correct. The amendment had no such effect, and plaintiff's action was brought within a year from the date of his injury. Having the right to amend the declaration and writ in order to correct the misnomer, and having done so, the suit dates from the issuance of the original writ, and not from the amendment.

It is also insisted that the court improperly instructed the jury on behalf of plaintiff. Only one instruction was given at his request. It covers nearly two pages of the printed record, and it is not necessary to encumber the reports by copying it into this opinion. It suffices to say that counsel for defendant insist that it assumes the fact that plaintiff was actually injured, whereas it should have been submitted to the jury. But, as we interpret the instruction, the criticism of it is not well founded. Its first four lines, if taken alone, do appear to assume the fact of injury, but, reading further on, we find it does not. Beginning about the twelfth line, it submits the fact to the jury in the following language: ''and that by reason of the negligence of the defendant, its servants and agents or employees in that behalf, the plaintiff was injured and is entitled to recover damages for such injury,'' etc. This submits to the jury, not only defendant's negligence, but plaintiff's injury as well, two interdependent facts, both of which had to exist to confer right of action.

Plaintiff took passage on defendant's train at Belington to go to Harding. As the train was pulling out from the station it ran into an open switch and the engine collided with a freight car standing thereon. The impact demolished the pilot, jarred the glass out of the windows in the front of the coach near where plaintiff was sitting, and threw him forward across the back of the seat in front of him. He testified that, in trying to catch hold of something to prevent his being thrown down, he sprained his wrist; that immediately after the accident a brakeman passed through the coach and inquired if anyone was hurt, and plaintiff told him his wrist was hurt, but that he did not know whether it was broken. Plaintiff is corroborated by Otha Hayes who was riding in the same seat with him, but the brakeman denies plaintiff told him he was hurt.

It is insisted that the verdict is excessive and should have been set aside. There is no inflexible rule by which damages for personal injuries can be determined with mathematical precision, and the law entrusts the matter to the sound judgment of the jury. They are necessarily given wide, but not unlimited latitude in arriving at such amount as would be a just compensation for the wrong, and, unless the damages assessed by them are so excessive as to convince the court they were influenced by improper motives, it has no right to set the verdict aside. It will not set aside a verdict simply because it would not have been willing, if sitting as a juror, to assess so large an amount. The court has no right to substitute its judgment in such matters for that of the jury. There is testimony tending to prove that plaintiff's wrist was in a healthy and normal condition before the accident, that it was severely sprained as a result of the railroad accident, and, since that time, has been swollen, and that plaintiff has been unable to use it without considerable pain, and that, although nearly two years had elapsed before the trial, his wrist was then no better; that he was having it treated by a physician, and, by his direction, he had it in splints a good portion of the time. Plaintiff is a stone mason and also a farmer, able to earn from two to four dollars a day. He testified that, since the accident, he had not been able to use

his wrist or work at his trade, and there is also expert testimony to the effect, not only that the injury was caused by the accident, but that it is permanent in character. Defendant produced a good deal of testimony tending to prove the condition of plaintiff's wrist was the result of rheumatism, and that he had been afflicted with it prior to the accident. But those were questions which had to be determined by the jury from the conflicting testimony, and we can not say, after carefully considering all the testimony respecting the cause of injury, as well as its nature and extent, that the jury were actuated by improper motives in assessing plaintiff's damages, and the judgment will be affirmed.

*Affirmed.*