# CHARLESTON.

HARRY SEXTON v. WHITE TRANSPORTATION COMPANY

Submitted February 20, 1924. Decided November 25, 1924.

1. INSTRUCTIONS—*Instruction Erroneous as too Strictly Confining Consideration of Evidence on Material Issue, Not Cured by Another Proper Instruction.*

   Where the defense of contributory negligence is relied on in an action for personal injury resulting from the alleged negligence of defendant, a binding instruction in favor of plaintiff which permits the jury to consider, along with the evidence on the issue of negligence by the defendant only a part of the material facts tending to prove contributory negligence, is erroneous; and. it is not cured by other instructions properly submitting such defense to the jury. (p. 570.)

   (Trial, 38 Cyc. p. 1782.)

2. EVIDENCE—*Plaintiff Suing for Injuries May State That He Was Totally Blind in One Eye After Injury.*

   On the trial of such action, for the purpose of showing the extent of his injury, the plaintiff may state that one of his

eyes. which had some vision before the injury, was totally blind thereafter.  (p. 572.)

(Evidence, 22 C. J. § 710).
NOTE: Parenthetical references by Editors, C. J.—Cyc, not part of syllabi.

LIVELY, JUDGE, absent.

Error to Circuit Court, Cabell County.

Action by Harry Sexton against the White Transportation Company.  Judgment for plaintiff, and defendant brings error.

*Reversed and remanded.*

*Fitzpatrick, Brown & Davis*, for plaintiff in error.

*Sanders & Smoot* and *J. H. Strickling*, for defendant in error.

LITZ, JUDGE:

In an action on case plaintiff recovered judgment upon the verdict of the jury in his favor against the defendant for $16,000.00.  To this judgment the defendant otained a writ of error.

At 5:30 on the morning of November 2, 1922, plaintiff, then 22 years of age, left the farm of J. A. Everett near Ona, Cabell County, West Virginia, driving an Overland three-fourth ton motor truck, on his way east over the hard surfaced road connecting Huntington and Charleston, to the farm of John Arthur at Malcomb Springs, about two miles away.  After proceeding along the paved road in an easterly direction for some distance, he attempted to turn north at practically right angles into a dirt road leading from the paved way to Arthur's farm.  When the front wheels of the truck had advanced into the dirt road about four feet from the north curb line of the paved way, the engine of the truck stopped.  Whereupon, the starter not being in use, plaintiff got out and cranked the engine and while getting back threw the crank into the back end of the truck.  The truck immediately stopped again.  The paved road was sixteen feet in width between the curbs and, according to plaintiff's evidence, there was about nine feet of space between the end of his truck, as it was standing, and the south curb.

About six o'clock on the same morning the defendant's motor bus, weighing 5,400 pounds and carrying 11 passengers, left Milton, in said county, proceeding over the paved road westward toward Huntington. This road for a distance of four or five hundred yards east of the point where the plaintiff's truck was standing is straight and practically level.

It was foggy, raining and before daybreak when the bus reached the point where the truck stood. At this time the plaintiff was standing on the left or east side of the truck with one foot on the ground and the other on the running board. He testifies that he saw the bus coming for a considerable distance away with its lights dimmed and running at a rate of thirty or thirty-five miles an hour. As it approached the driver made no attempt to steer to the left until within forty or forty-five feet of the truck which occupied his side of the road. (The plaintiff puts it as about twenty feet.) In doing so, the rear of the bus, skidding to the right, caught the truck, carrying it across the paved road and onto the plaintiff in such a manner as to cause him serious and permanent bodily injury. The plaintiff made no effort to leave the truck or give any signal to the driver of the bus. He presents as his explanation in the premises the assumption that the bus would pass to the left of the truck. There was sharp conflict in the testimony as to the position of the truck and whether or not its lights were burning at the time of the accident. It was equipped with two front lights and a rear light, all of which plaintiff testified were then burning. The driver of the bus and some of the passengers deny that the lights on the truck were burning and further say that it could not be discovered until within a very short distance therefrom. Some of these witnesses state that the truck was about the center of the paved road.

For grounds of error the defendant relies upon an instruction given in behalf of the plaintiff; certain evidence in the testimony of plaintiff; and alleged excessiveness of the verdict. That part of instruction in question which is complained of, follows:

"If you find from the evidence in this case that the plain-

tiff on the morning of November 2, 1922, before daybreak, it being a foggy, misty or rainy morning, had traveled east from Ona on the brick surfaced road to a point about two miles from Ona and that he had attempted to turn off to the North, on a private road, and had proceeded about four feet from the curb of the paved road with the front wheels of his truck when the engine of his truck was killed, and if you further believe that the truck remained in that position with its lights on, while the plaintiff was attempting to start it, and that there was plenty of room between the end of the truck and the paved road and the south curb of the road for the bus of the defendant to pass, and if you further believe that the defendant by its driver in going west, as he approached the truck of the plaintiff, could have seen the plaintiff's truck and avoided collission with it by the exercise reasonable diligence and that he failed to exercise reasonable diligence and as a result of which the truck of the plaintiff was hit by the bus of the defendant and the plaintiff was injured thereby, then you should find the defendant liable and assess such damages as will compensate him for his injuries not exceeding $25,000.00.''

This being a binding instruction, it is criticised for omitting material facts tending to establish contributory negligence on the part of the plaintiff. It is well settled that where contributory negligence is relied on, an instruction directing a verdict in favor of the plaintiff upon finding of negligence by defendant, which omits reference to the material facts tending to establish the contributory negligence, is erroneous; and the error is not cured by other instructions properly submitting such defense to the jury. *Blackwood* v. *Monongahela Traction Company*, 96 W. Va. 1, 123 S. E. 359; *Culp* v. *Ry. Company*, 77 W. Va. 136, 87 S. E. 192. It is equally well established that an instruction shall not single out certain facts and direct a verdict based thereon, if true, when there are other material facts or evidence in the case bearing on the issue. *Cobb* v. *Dunlevie*, 63 W. Va. 398. The plaintiff concedes the correctness of both rules but contends that the instruction violates neither. The facts omitted by the instruction, which the defendant insists were material

to the defense of contributory negligence, are the failure of the plaintiff to signal the driver of the bus or place himself in a position of safety. To meet this contention the plaintiff replies that these facts were immaterial and that the Court properly held as a matter of law plaintiff was not guilty of contributory negligence in failing to take such precaution. It was before daybreak, foggy and misty or raining, when the accident occurred. Taking into account these, and the further facts, testified to by the plaintiff that the bus approached at the rate of thirty or thirty-five miles per hour with its lights dimly burning, continuing on its right side of the road until within about twenty feet of the truck before attempting to turn to the left, we do not think the trial court should have said that as a matter of law there was no duty on the part of the plaintiff under these circumstances to signal the driver of the bus or seek a place of safety. The defense of contributory negligence upon these facts as well as those considered in the instructions was plainly a question for the jury. The truck was standing in a slightly diagonal position across the paved road with its front lights, if burning, reflecting away from the road and partially obscured from the vision of the bus driver by the truck. It is no answer to say under the circumstances that the plaintiff had a right to assume that the driver of the bus would regulate his speed so as to discover the truck in time to steer around it, for the plaintiff, as he states, had notice that the bus was approaching under the guidance of very dim lights, through the dark and fog at a fast rate of speed.

Proven or admitted negligence by the defendant does not establish a conclusive case where there is substantial evidence tending to prove the defense of contributory negligence. *Ewing* v. *Chapman*, 91 W. Va. 641.

The defendant asserts further that the trial court improperly permitted the plaintiff to state in effect that the injuries sustained in the accident resulted in the loss of sight of one eye; his evidence being that before the accident he could see slightly out of this eye, which had been weak since early age, but immediately after it was totally blind. It is contended that the loss of eyesight as a result of the injuries

sustained could have been proven only by expert testimony. From the nature of the injuries and the self-evident character of this proof, we think it was properly admitted.

The defendant insists also that the verdict is excessive. Without detailing the testimony on this question, suffice it to say that we would not reverse the case on this ground. The jury is given wide range and discretion in fixing the damages in such cases and their finding will not be set aside unless the amount of the verdict be so large as to convince the court that they were actuated by improper motives. *Corrick* v. *Western Maryland R. Co.*, 79 W. Va. 592, 91 S. E. 458. We do not think this is such case.

The judgment complained of is reversed, the verdict set aside, and a new trial awarded the defendant.

*Reversed and remanded.*