JOHN WHITE, APPELLANT, *v.* UNION PACIFIC RAILWAY COMPANY, RESPONDENT.

APPEAL.—NEW TRIAL.—DISCRETION OF TRIAL COURT.—Where the court that tried the cause has granted a new trial after verdict, and one of the grounds for the motion was that the evidence was insufficient to sustain the verdict, such a ruling of the court will not be disturbed on appeal unless there has been a clear abuse of discretion.

APPEAL from an order of the district court of the third district granting a new trial. The opinion states the facts.

*Mr. James A. Williams* and *Mr. Jabez G. Sutherland,* for the appellant.

*Mr. Parley L. Williams,* for the respondent.

BLACKBURN, J.:

This suit was brought to recover damages for being forcibly ejected from the defendant's cars, and being inhumanly treated, by defendant's servants. The plaintiff was beating his way on a freight train, and he testified he was riding

on the platform of one of the freight cars, and defendant's servants beat and abused him. Two other witnesses, however, swear that he was not pulled off the train at all, but they saw him skulking in the sage brush on the opposite side of the train, and called him to them, and arrested him on a charge of throwing one Taggart, a brakeman from the train, and the violence committed upon him was to make him confess that he had thrown Taggart from the train, and not because of his beating his way on the train at all. Verdict and judgment for the plaintiff, and motion for a new trial, which motion was granted; and this appeal is from the order granting a new trial.

One of the grounds assigned in the motion for a new trial is that the evidence was insufficient to sustain the verdict. There was a manifest conflict in the evidence. If the plaintiff is to be believed, he was entitled to recover. If, however, the two witnesses who contradicted him on the vital question of his being forcibly ejected from the defendant's cars are to control, the evidence was clearly insufficient to sustain the verdict. The rule is, when a motion is made for a new trial because of the insufficiency of the evidence and the testimony is conflicting, the granting or refusing a new trial is largely in the discretion of the trial court, and its act will not be overruled unless there is a clear abuse of discretion. Hil. New Trials, 5, 29, 99; *Newton* v. *Brown*, 2 Utah, 126; *Davis* v. *Railway Co.*, 3 Utah, 218, 2 Pac. Rep. 521; Hayne, New Trials & App. § 97. We think there was no abuse of discretion in this case. We do not think it proper to comment on the force and weight of the evidence, as upon it a jury will have to pass at the next trial, and we should not attempt to influence their verdict by comments upon testimony that will in all probability be repeated.

Judgment is affirmed.

ANDERSON, J., and MINER, J., concurred.