## GRECO v. GENTILE.

No. 5520. Decided January 24, 1936. (53 P. [2d] 1155.)

*I. A. Huggins*, of Ogden, for appellant.

*L. V. Trueman*, of Ogden, and *Joseph Chez*, of Salt Lake City, for respondent.

EPHRAIM HANSON, Justice.

This action was brought to recover $400 which plaintiff claims he loaned to the defendant. Defendant denied the loan. The parties are foreigners, understand and speak the

[1]*Jensen* v. *Howell*, 75 Utah 64, 282 P. 1034, 1037.

English language poorly, and are evidently illiterate and superstitious. Plaintiff, to substantiate his case, introduced evidence to the effect that in April, 1929, defendant requested a loan from him of $400 and agreed to pay the same within three or four months; that he had demanded that the defendant repay the loan, but defendant had refused. The evidence for the defendant shows that defendant's son is a paralytic and unable to walk; that in April, 1929, plaintiff brought to her house a magic doctor who claimed he could cure her son. The doctor required $13 which, at midnight on the crossroads, he would throw to the devils, and the son would be cured and able to walk within two weeks. Although the defendant claimed she did not believe in magic, she was willing to and did give the magic doctor the $13 to throw to the devils.

In about two weeks the plaintiff again came to defendant and said that the doctor had a real pain in the heart and was unable to eat or sleep and that $13 was not enough for the devils; that the doctor required $400 more to throw to the devils before a cure of defendant's son would be effected; that defendant told plaintiff that she did not have the money and that she did not care to lose any more. Plaintiff then told defendant that he had $400 and was willing to give that money to the doctor, as he had faith in the doctor and knew the boy would be cured. Defendant then told plaintiff to give the $400 to the doctor if he desired, but that she would not be responsible for the money; that, if her son was cured, she would be willing to give the plaintiff $400 or even $500; that she never saw the $400 and did not know whether or not the plaintiff paid it to the doctor.

The case was tried to the court. At the conclusion of the evidence, findings and a decree were made in favor of defendant. To reverse the findings and decree of the trial court, this appeal is brought. This is a law case. There is evidence which would support findings and a decree in favor of the plaintiff. On the other hand, there is evidence to support the judgment in favor of the

defendant. The court had the witnesses before him and was in a better position to observe their demeanor, weigh their testimony, and pass upon their credibility than this court. In *Jensen* v. *Howell*, 75 Utah 64, 282 P. 1034, 1037, this court, following an unbroken line of authorities, says:

"In this jurisdiction the binding effect of findings of the trial court in law cases is different from that in equity cases. In the former, the findings, as a general rule, are approved if there is sufficient competent evidence to support them, and, ordinarily, are not disturbed, unless it is manifest that they are so clearly against the weight of the evidence as to indicate a misconception, or not a due consideration of it."

The motion for a new trial on the ground of newly discovered evidence was a matter wholly within the trial court's discretion. As long as that discretion is not abused, this court cannot interfere.

The judgment is affirmed, respondent to recover her costs.

ELIAS HANSEN, C. J., and FOLLAND, MOFFAT, and WOLFE, JJ., concur.