BOWERS v. GRAY et al.

No. 6277.   Decided November 4, 1940.   (106 P. 2d 765.)

*Cyrus G. Gatrell,* of Salt Lake City, for appellants.

*Harry D. Pugsley* and *Oscar W. Gray,* both of Salt Lake City, for respondent.

PER CURIAM.

Two questions are raised by this appeal: (1) Whether the trial court erred in granting a new trial to respondent; and (2) whether in any event appellants can raise that issue on an appeal from a voluntary dismissal by respondent of his action in lower court against appellants.

The facts briefly are as follows: Respondent commenced an action in the lower court against appellants for the purpose of quieting title to certain real property. Appellants' answer denied that respondent was the owner of the premises or in possession thereof, and alleged that appellants "are in the actual possession of the greater portion thereof, and the owners thereof." In conclusion the answer prayed that respondent take nothing by his complaint and that appellants recover their costs. The court found in favor of appellants and entered judgment:

"That plaintiff take nothing by his complaint in this action; that defendants have judgment that the plaintiff is not the owner or possessed of said Block 9, and has no estate, right, title or interest

therein, and that the defendants recover from the plaintiff their costs of suit herein, in the sum of——($——) dollars."

Subsequently, respondent moved for a new trial, which motion was granted. Respondent then voluntarily moved to dismiss the case without prejudice. The trial court granted the motion and entered a judgment of dismissal from which judgment this appeal is taken.

The question whether an appeal such as this can be taken, and the question of alleged error of the trial court in granting a new trial raised by appellant, was considered by this court in the case of *Klinge* v. *Southern Pacific Railroad Co.*, 89 Utah 284, 57 P. 2d 367, 105 A. L. R. 204.

We, therefore, now take up the question whether the trial court erred in granting a new trial. We think it did.

This court is ordinarily reluctant to reverse a trial court for granting a new trial because it has had the advantage of trying the case, hearing the evidence, and is in a better position to determine whether a new trial should be granted. But as stated in *Saltas* v. *Affleck*, 99 Utah 381, 105 P. 2d 176, 178:

"With no indication as to the basis for exercise of the power vested in the court to grant new trials the appeal tribunal would be left to analyze the matter from the evidence, the record, and the instructions [in a jury case]. It would be required to search out possible reasons for agreeing or disagreeing with the trial court in the exercise of a discretion. The exercise of a judicial discretion must be based upon some facts notwithstanding great latitude is accorded the trial court in such matter. *Klinge* v. *Southern Pacific Ry. Co.*, 89 Utah 284, 57 P. 2d 367, 105 A. L. R. 204."

And an examination of the record reveals no ground on which the motion ought to have been granted. The evidence was clearly sufficient to support the judgment of the trial court; and there were no errors of law committed during the trial of the case and excepted to by respondent justifying a new trial.

However, respondent urges that the "main basis for the argument upon which a new trial was granted" was that the judgment entered by the lower court extended too far and accorded to appellants "the equivalent of a Decree quieting title in the appellant defendants upon the status of the pleadings and the record therein."

In the first place it is questionable whether such an argument could be made the basis of a motion for new trial. It would seem that the proper motion would have been to modify or correct the judgment if error existed therein. However, assuming that such objection could properly be made the basis of a motion for new trial we do not feel that it was well taken. The judgment, quoted above, does not exceed the issues and the evidence. Nor does it grant appellants any affirmative relief by way of quieting title in them. The latter part of the judgment states that appellants "have judgment that plaintiff [respondent] is not the owner or possessed of said Block 9, and has no estate, right, title or interest therein," which is in effect a characterization of the first part of the judgment to the effect that respondent take nothing by his complaint.

It follows that the judgment of dismissal should be set aside and the cause remanded with instructions to enter a judgment against respondent, no cause of action. It is so ordered. Costs to appellants.