ALPINE CREDIT UNION, Plaintiff and Respondent,

v.

William D. MOELLER, Jeneane Moeller, and William D. Moeller, David Adams, and Leo Henderson, Defendants and Appellant.

No. 17769.

Supreme Court of Utah.

Nov. 19, 1982.

---

1. Quoting *Westinghouse Electric Supply Co. v. Paul W. Larsen Contractor, Inc.,* Utah, 544 P.2d 876 (1975).

Stephen R. Madsen, Provo, C.J. Jaussi, Orem, for defendants and appellants.

Ray M. Harding, American Fork, for plaintiff and respondent.

PER CURIAM:

This is an appeal from a judgment on a promissory note.

In its complaint filed on April 24, 1980, plaintiff alleged two causes of action. The first cause was based on a promissory note signed on August 23, 1978 by defendants William Moeller and Jeneane Moeller. The second cause was based on a promissory note signed on May 1, 1979 by defendants William Moeller, David Adams, and Leo Henderson. (Henderson is the sole appellant herein.) Copies of the two notes were attached to the complaint. On May 21, 1980, Adams and appellant jointly filed an answer wherein they admitted that they executed the note of 1979, but denied default of payment.

At the trial on March 12, 1981, it was stipulated that the first cause of action be dismissed inasmuch as the promissory note of 1978 had been paid in full. Defendant Moeller also stipulated that he had defaulted on the note of 1979, and that judgment could be entered for $5,748.93 principal, $840.00 interest, plus $400.00 attorney fees.

Counsel for appellant then addressed the court and moved to amend his answer to conform to the evidence.[1] He alleged that he had signed the *1978* note and that his signature on the 1979 note was a forgery. The appellant was allowed to testify concerning the alleged forgery so that the court could make an informed ruling on the motion to amend. The court took the matter under advisement and subsequently denied appellant's motion to amend and granted judgment as prayed in the second cause of action.

Appellant thereafter filed a motion for new trial on the grounds that the motion to amend should have been granted and that, in any event, there was insufficient basis for granting judgment on the second cause of action. The trial court denied the motion for new trial and this appeal followed.

Appellant's motion to amend was made during the trial on the representation that on the day before trial appellant was able to obtain a copy of the promissory notes and it was only then that he discovered it was not his signature that appeared on the 1979 note. Plaintiff points out that from the filing of the complaint until the date of trial nearly one year had elapsed, during which time appellant should have discovered the discrepancy he now claims. The trial court found as follows:

[Appellant's] defense of forgery having not been raised by the pleadings and having had possession of a copy of the promissory note upon which Plaintiff relies for several months, said copy having been attached to the complaint served upon him is barred from raising that defense at the time of trial.

The evidence supports such finding. Furthermore, appellant's contention that he signed the first note (1978) and not the second (1979) is inconsistent with the copies of the notes contained in the record. Appellant's name does not even appear on the 1978 note. The trial court did not abuse its

1. Rule 15, Utah R.Civ.P.

discretion[2] in denying appellant's motion to amend.

██ Appellant argues that the evidence adduced does not support the judgment entered against him in that the only testimony given at trial related to appellant's claim that he did not sign the note. It must be remembered that appellant had admitted execution of the note in his answer. When this admission is coupled with the stipulation as to the amount remaining unpaid on the note, there is sufficient independent evidence to support the award.

██ Appellant also claims that the court erred in denying his motion for a new trial. The grounds for granting a new trial are set forth in Rule 59(a), Utah R.Civ.P., and include those relied upon by appellant, namely: (1) irregularity in the proceedings, (4) newly discovered evidence, and (6) insufficiency of the evidence. Rule 59(c), Utah R.Civ.P., requires that when application for a new trial is made upon the first four grounds set forth in 59(a), the motion shall be supported by affidavit. No affidavit accompanied appellant's motion for a new trial. On the grounds of irregularity in the proceedings and newly discovered evidence, the motion was therefore procedurally defective. As to the alleged ground "insufficiency of the evidence," we have already concluded that the admissions were sufficient to support the award. Finally, the granting of a new trial is within the sound discretion of the trial court[3] and we are not convinced that the court abused its discretion in the instant case.

Affirmed. No costs awarded.

STEWART, J., concurs in the result.

**2.** See *1st OK Corporation v. Curtis,* Utah, 550 P.2d 157 (1976).

**3.** *Uptown Appliance and Radio Co. v. Flint,* 122 Utah 298, 249 P.2d 826 (1952).